IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WENDY PETERSON, Individually ) <br> And As Next Friend of ) <br> JONATHON PETERSON, a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMBER BAKER, EDDIE MOSLEY ) <br> TRUDY SOWAR, PAULDING COUNTY) <br> BOARD OF EDUCATION and ) <br> PAULDING COUNTY SCHOOL ) <br> DISTRICT, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION FILE NO. <br> 1:04-CV-3308-GET |

**PAULDING COUNTY SCHOOL DISTRICT'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant PAULDING COUNTY SCHOOL DISTRICT so named and designated in this action, by and through its undersigned attorney and hereby files its Motion for Summary Judgment and shows this Court the following:

**FACTS**

On February 5, 2004, Jonathan Peterson was a student in Ms. Amber Baker's classroom at Herschel Jones Middle School in Paulding County, Georgia. According to Ms. Baker, Jonathan was talking out of turn and Ms. Baker

repeatedly told him to be quiet.  After several attempts to make Jonathan be quiet, she pointed her finger at him and demanded that he be quiet.  Jonathan shoved Ms. Baker's hand and arm away from his face and began walking to the door of the classroom.  Ms. Baker reached out to stop Jonathan, and he shoved her into the wall of the classroom.  She again reached out in an attempt to stop him from leaving the room and to prevent him from hitting or shoving her again.  She grabbed his collarbone in the vicinity of his neck.  He jerked out of her grip and yelled, "Fuck you, bitch."  Ms. Baker followed Jonathan into the hallway calling after him to stop, but he continued on out of her sight.  Ms. Baker immediately went to the school administrative office to discuss the matter, as did Jonathan.  Jonathan claims that Ms. Baker choked him, while Ms. Baker claims that her action in grabbing Jonathan near his neck was in self-defense.  The factual disputes between Ms. Baker and the Plaintiff are not relevant to this Defendant's Motion.

## Legal Analysis

### 1st Claim - Violation of Fourteenth Amendment Substantive Due Process Rights under 42 U.S.C. § 1983

This incident was the first of its kind involving Ms. Baker and one of her students during the time of her employment with the Paulding County School District.  The Plaintiff, Jonathan Peterson's mother, Wendy, claims that the

Paulding County School District should be held vicariously liable for the actions of Ms. Baker. However, this is certainly not the case, in fact, the Paulding County School District should be granted summary judgment on all claims against it.

Ms. Peterson claims that Ms. Baker, and the School District through Ms. Baker, violated her son's substantive due process rights under the Fourteenth Amendment. The foundation for her claim is 42 U.S.C. § 1983. Under this statute a school district may not be held liable on a theory of respondeat superior or vicarious liability, except in limited circumstances. <u>Bobby E. Sauls, Terri L. Sauls, et al. v. Pierce County School District</u>, 399 F.3d 1279, 1287 (11th Cir. 2005) (quoting <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388 (1997) "It is well established that municipalities, like a school district, may not be held liable under § 1983 based on a theory of *respondeat superior*"). Ms. Peterson alleges that the School District refused to sanction Ms. Baker's conduct by essentially turning a blind eye to prior incidents in which she disciplined her students in strange ways or made inappropriate comments to students. In fact the School District did sanction Ms. Baker for her conduct by issuing directives and reprimands. If the School District had sanctioned Ms. Baker's conduct by terminating her, it could be held liable because her conduct did not rise to a level sufficient to put the District on notice that there

could be harmful consequences to a student. Edith Davis v. DeKalb County School District, 233 F.3d 1367, 1375 (11th Cir. 2000). For a school district to sanction a teacher's behavior, it must act with "deliberate indifference to [the] known or obvious consequences" of that behavior. Id. at 1375-1376.

Whether or not a school district acted with deliberate indifference is a very fact specific inquiry. Such an inquiry in this case shows that the School District did not act with deliberate indifference to Ms. Baker's actions. In Sauls v. Pierce County School District, the school district defended both Title IX and § 1983 claims (both of which must meet the deliberate indifference standard) when a teacher was accused of having an affair with a student. Sauls, 399 F.3d at 1280. In Sauls, there were three main incidents that the Plaintiff relied on to show that the school district acted with deliberate indifference: 1) failure to respond to an anonymous allegation of the teacher having had affairs with a particular student; 2) failure to respond to an anonymous general allegation of the teacher having had affairs with a number of students; and 3) failure to respond to a specific complaint that the teacher was having an affair with the plaintiffs's son. Id. at 1286-1287. The court found that the investigations and verbal and written warnings conducted by the school district and its employees were sufficient to prove that "there is no evidence demonstrating Pierce County School District officials were acting

deliberately indifferent to the reports of alleged misconduct.... Thus, the Appellants cannot establish Pierce County School District had a custom of responding to [the] alleged discriminatory actions with deliberate indifference." Id. at 1288.

In the instant case, there were several incidents that the Plaintiff relies on to show that the School District was on notice of the potential of consequences of Ms. Baker's actions and acted with deliberate indifference to those potential consequences. In the first incident, Ms. Baker lost her temper and kicked the door to her classroom closed, causing the glass window in the door to crack; no children were involved. Following this incident, the principal of the school gave Ms. Baker a written warning regarding her temper, reminded her of her duty to control her behavior in the classroom, and required Ms. Baker to pay to replace the window. The same response occurred in Sauls in response to the initial allegation of inappropriate conduct - the principal, with the endorsement of the school district, issued a written warning and requested that the teacher avoid any further semblance of inappropriate conduct. The principal in Sauls notified the District, who supported his actions, as did Mr. Mosley in this case. Id. at 1286. The School District was aware of the incident with the broken window and supported Mr. Mosley's action in reprimanding Ms. Baker in a written

memorandum and requiring her to pay for the repairs as an additional means of preventing such incidents in the future. Paulding County School District cannot be said to have acted in a deliberately indifferent manner to the incident involving the door.

The next incident at Herschel Jones Middle School was a parent complaint that Ms. Baker had threatened to hit her child in the head with a marker if he did not stop talking. Again the principal issued Ms. Baker a written warning demanding that she conduct herself as a professional in her classroom and offering to work with her on proper classroom discipline. He also stated that there was evidence that she made her comment in jest, but nevertheless, such comments were inappropriate in the classroom setting. See Def. Paulding County School District's Amend. Response to Pl's 1st Set Interrog. Nos. 6 & 7 (Exhibit D, tenth page - contains written warning to Ms. Baker concerning this particular incident and suggestions for improvement). Likewise, in Sauls, the school district's response to the second allegation of wrongdoing on the part of the teacher was to investigate the matter and "admonish [the teacher] both orally and in writing, and directed her to avoid even the appearance of impropriety when dealing with students." Id. The responses of the school district in Sauls and of the School District in the instant case were virtually identical, and therefore, the Paulding

County School District cannot be said to have acted with deliberate indifference to Ms. Baker's actions.

Other incidents involving Ms. Baker generally involved strange punishments that the school district did not condone, such as requiring a student to stand with his finger on his nose or making students write sentences. Ms. Baker was informed in writing that these punishments were not appropriate. See Def. Paulding County School District's Amend. Response to Pl's 1st Set Interrog. Nos. 6 & 7 (specifically Exhibit D, second page - contains written warning to Ms. Baker concerning these particular incidents). Every written warning and corrective suggestion given to Ms. Baker was approved by the School District. Since the School District responded to each complaint with warnings and suggestions for how to improve, and since the incidents that occurred certainly did not rise to a level that would put the School District on notice that she might potentially injure a child in anger, the Paulding County School District, like the Pierce County School District in Sauls, cannot be said to have acted with deliberate indifference towards the potential consequences of Ms. Baker's actions. Since this standard cannot be met, the School District cannot be held liable for Ms. Baker's actions under a respondeat superior theory for a violation of § 1983 rights.

### 2nd Claim - Attorney's Fees Under 42 U.S.C. § 1983

Attorney's fees may be awarded under 42 U.S.C. § 1983 if the opposing party is found to have committed a violation of that statute. Based on the analysis above, the Paulding County School District has not committed an violation under § 1983. Therefore, any claim for attorney's fees under that statute should be dismissed.

### 3rd Claim - State Law Claims: Violation of O.C.G.A. § 13-6-11, O.C.G.A. § 51-12-6, O.C.G.A. § 51-1-14 and Negligent Retention

The Plaintiff's claims against the Paulding County School District based on violations of state law should be dismissed because the School District is protected by sovereign immunity. The doctrine of sovereign immunity is found in Art. I, Sec. II, Par. IX of the Georgia Constitution of 1983, as amended in 1991. Under this constitutional provision, counties and other political subdivisions of the State of Georgia are immune from suit for tort liability, unless that immunity has been specifically waived under "an Act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of such waiver." Gilbert v. Richardson, 264 Ga. 744, 747, 452 S.E.2d 476, 479 (1994). Sovereign immunity has also been held to apply to county public school districts in Georgia, unless such immunity is waived. Melvin Hackett v. Fulton County School

District, 238 Fed. Supp. 2d 1330, 1367 (N.D. Ga. 2002); <u>Wellborn v. DeKalb County Sch. Dist.</u>, 227 Ga. App. 377, 379-380, 489 S.E.2d 345, 347 (1997).

The Georgia Tort Claims Act provides for a limited waiver of the state's sovereign immunity for the torts of its officials and employees.  However, the Act specifically excludes counties and school districts from the waiver.  O.C.G.A. § 50-21-22(5).  Therefore, the Georgia Tort Claims Act does not divest the School District of its sovereign immunity.  The plaintiff has not presented any legislative act that purports to waive the immunity of the School District in this action, therefore, the Paulding County School District is immune from suit on plaintiffs' state law claims. See <u>Hackett</u>, 238 Fed. Supp. 2d 1367; <u>Wellborn</u>, 227 Ga. App. at 377-80, 489 S.E.2d at 347-348 (in which the Court of Appeals of Georgia dismissed plaintiff's state law tort claims against DeKalb County School District based on defense of sovereign immunity, even though the trial court had failed to rule on that issue).

CONCLUSION

For the reasons stated above, the Court should grant the Defendant Paulding County District's Motion for Summary Judgment.

(See following page for signature)

This 25th day of April, 2006.

                                          <u>/s:/ W. Thomas Cable</u>
                                          W. Thomas Cable
Georgia Bar No. 002690
Attorney for Defendant
Paulding County School District

Vinson, Talley, Richardson & Cable
367 West Memorial Drive
Dallas, Georgia 30132
(770) 445-4438
(770) 445-2135 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **WENDY PETERSON, Individually And As Next Friend of JONATHON PETERSON, a minor,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) ) | **CIVIL ACTION FILE NO. 1:04-CV-3308-GET** |
| **AMBER BAKER, EDDIE MOSLEY, TRUDY SOWAR, PAULDING COUNTY BOARD OF EDUCATION and PAULDING COUNTY SCHOOL DISTRICT,** | ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all counsel in the foregoing matter with a copy of the PAULDING COUNTY SCHOOL DISTRICT'S MOTION FOR SUMMARY JUDGMENT by electronically filing and depositing the same in the U.S. Mail with adequate postage affixed thereto and addressed as follows:

Mr. William P. Claxton
Attorney for Plaintiffs
Claxton & Claxton, LLC
Suite 115
180 Interstate North Parkway
Atlanta, Georgia 30339

Roger S. Sumrall
Cynthia Daley
Attorney for Defendant Baker
Hall, Booth, Smith & Slover
1180 West Peachtree Street
Suite 900
Atlanta, Georgia 30309

This 25th day of April, 2006.

/s:/ W. Thomas Cable
W. Thomas Cable
State Bar No. 002690
Attorney for Defendant
Paulding County Board of Education

Vinson, Talley, Richardson & Cable
367 West Memorial Drive
Dallas, Georgia 30132
(770) 445-4438
(770) 445-2135 (facsimile)